IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Cleland Construction Co., Inc. ) | | |
|              Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| Balfour Beatty Construction, Inc.; ) | | |
| Federal Insurance Co., ) | C.A. No. 9:05-50-23 | |
|              Defendants. ) | | |
| _____) | | |
| Balfour Beatty Construction, Inc., ) | | |
|     Third-Party Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| Carolina Asphalt Paving, Inc., and ) | | |
| Safeco Insurance Co. of America, ) | | |
|     Third-Party Defendants. ) | | |
| _____) | | |

      This matter is before the court upon (1) Third Party Defendants Carolina Asphalt Paving, Inc. ("Carolina Asphalt") and Safeco Insurance Company of America's ("Safeco") Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(1), and (2) Defendant/Third Party Plaintiff Balfour Beatty Construction, Inc. ("Balfour Beatty") and Defendant Federal Insurance Company's ("Federal")'s Motion to Dismiss, Or In the Alternative, to Stay This Action. For the reasons set forth herein, Defendants Balfour Beatty and Federal's motion is granted, and Carolina Asphalt and Safeco's motion is rendered moot.

## BACKGROUND AND PROCEDURAL HISTORY

      This case arises from the construction and widening of Highway 170, including the replacement of two bridges over the Broad and Chechessee Rivers, in Beaufort County, South Carolina (hereinafter "the Project"). On September 27, 2000, the South Carolina Department of Transportation ("SCDOT") contracted with Defendant Balfour Beatty Construction, Inc. to

serve as the designer and prime contractor for the Project. A payment bond listing Federal as the surety and Balfour Beatty as the principal was issued that same day. Balfour Beatty subsequently entered into a subcontract with Carolina Asphalt to perform certain earthwork and paving. Carolina Asphalt retained Cleland Construction, Inc. ("Cleland") as a sub-subcontractor to perform the site preparation, earthwork, and certain other duties. On February 4, 2003, Balfour Beatty terminated Carolina Asphalt's subcontract as a result of Carolina Asphalt's alleged failure to cure various defects in its performance, including failure to comply with the Project schedule and delaying other aspects of the Project.

### A.     The First Action

On April 2, 2004, Carolina Asphalt sued Balfour Beatty and Federal in the Court of Common Pleas for Beaufort County, South Carolina. Balfour Beatty and Federal removed the case to this court on May 18, 2004 (hereinafter "the first action"). In the first action, Carolina Asphalt contended that its performance under the subcontract was delayed by issues beyond its control, including right of way acquisition and availability, roadway design and availability changes, changes in the scope of work, and delays in the availability of the new bridge to receive traffic. According to Carolina Asphalt, despite its requests for extensions of time for performance from Balfour Beatty, Balfour Beatty unreasonably terminated it for failing to perform. Carolina Asphalt alleged breach of contract, quantum meruit, breach of fiduciary duty, and conversion claims against Balfour Beatty.

After the first action was removed, Balfour Beatty filed an answer, counterclaim and a third-party complaint against Carolina Asphalt's bonding company, Safeco. In its counterclaim against Carolina Asphalt, Balfour Beatty alleged that Carolina Asphalt was responsible for many

of the delays that occurred. Carolina Asphalt sought to add Cleland as a third-party defendant to Balfour Beatty's counterclaim pursuant to Fed. R. Civ. P. 14 (b).

Finding that Carolina Asphalt was entitled to join Cleland pursuant to Rule 14,[1] and because the joinder of Cleland destroyed diversity jurisdiction, the court remanded the case to state court. *See* Order of November 19, 2004 (hereinafter "the remand order"). After the remand, Cleland and Carolina Asphalt agreed to stay the claims between them pending the submission of their disputes to arbitration in accordance with a mandatory alternative dispute resolution provision of the subcontract.

### B.     The Present Action

On January 7, 2005, months after the remand order, Cleland instigated the present action in this court alleging (1) breach of contract and breach of the implied warranty of plans and specifications against Balfour Beatty, and (2) a Payment Bond claim against Federal. Apparently, Cleland first asserted these claims in the Court of Common Pleas, along with a claim against Defendant Safeco. Before Defendants could file a responsive pleading in state court, Cleland voluntarily dismissed the action against Balfour Beatty and Federal without prejudice. Cleland's claim against Safeco (hereinafter the "Cleland state court litigation") remains pending in state court.

According to Balfour Beatty and Federal, their counsel contacted counsel for Carolina Asphalt and Cleland to request an agreement to consolidate the claims asserted in the Cleland state court litigation and the Carolina Asphalt litigation that this court had remanded. Counsel

---

[1] More specifically, the court reasoned that Cleland's purported obligation, as a subcontractor of Carolina Asphalt, to indemnify Carolina Asphalt for Balfour Beatty's claims warranted the joinder of Cleland.

for Carolina Asphalt and Cleland would not agree to consolidation. Shortly thereafter, Cleland filed its stipulation of voluntary dismissal without prejudice, and then re-filed its claims against Balfour Beatty and Federal with this court.

Balfour Beatty and Federal complain that "[t]here is no other apparent reason for Cleland's actions in this regard other than to avoid Defendants' consolidation efforts and cause inconvenience, undue expense, and prejudice to Defendants by forcing them to litigate the same issues in two different forums." (Balfour Beatty Mem. at 10). Cleland, however, claims that it is pursuing its "payment bond claims" on this "separate alternate course" in order to "avoid the entanglements and complexities of the [Carolina Asphalt case]." (Cleland Opp. Mem. at 2).[2]

## **ANALYSIS**

As mentioned above, there are two motions to dismiss before the court: (1) Third Party Defendants' Carolina Asphalt and Safeco's Motion to Dismiss, and (2) Defendant/Third Party Plaintiff Balfour Beatty Construction, Inc. ("Balfour Beatty") and Defendant Federal Insurance Company's ("Federal")'s Motion to Dismiss, Or In the Alternative, to Stay This Action. While Carolina Asphalt and Safeco's Motion to Dismiss was filed first, this court begins its analysis with Balfour Beatty and Federal's motion, as the resolution of that motion is dispositive of the entire matter.

---

[2] Moreover, according to Cleland, early in the course of this litigation, Balfour Beatty moved to stay this action and submit the claims against it and its surety to arbitration. *See* Balfour Beatty Motion to Dismiss Complaint and To Compel Arbitration and Mediation, Docket # 13. While noting that the contract between the parties did not provide for binding arbitration, Cleland nonetheless indicated that it would consent to Balfour Beatty's request to arbitrate. *See* Cleland's Memorandum in Response to Balfour Beatty's Motion to Compel Arbitration and Stay Litigation, Docket # 18. At this point, Balfour Beatty withdrew its motion to compel arbitration immediately. *See* Notice by Balfour Beatty and Federal Withdrawing Their Motion to Dismiss and Motion to Compel Arbitration, Docket # 19.

### A.   Balfour Beatty and Federal's Motion to Dismiss

Balfour Beatty and Federal argue that this action should be dismissed, or alternatively, stayed pending the disposition of the Carolina Asphalt and Cleland state court litigation. According to Balfour Beatty and Federal, Cleland has improperly and collusively abused this court's jurisdiction by refusing to join Carolina Asphalt, its alter ego, who is an indispensable party to the claims at issue:

> Put simply, Cleland and Carolina Asphalt should not be able to use the terms of the Cleland Subcontract as both a sword and a shield against Defendants. To allow Carolina Asphalt to remand its litigation against the Defendants to the Court of Common Pleas as a result of joining its primary subcontractor as a party, and also allow that subcontractor to force Defendants to participate in a separate action in a different forum without naming Carolina Asphalt, constitutes an abuse of process, an abuse of this Court's jurisdiction, a waste of judicial resources, and a manifest injustice to Defendants.

(Balfour Beatty Mem. at 18). Balfour Beatty and Federal assert two primary doctrinal bases in support of their arguments for dismissal: 28 U.S.C. § 1359, and Fed. R. Civ. P. 19. The court begins with a consideration of whether Carolina Asphalt is a necessary and indispensable party to Cleland's claims pursuant to Rule 19.[3]

### 1.   Carolina Asphalt as a Necessary and Indispensable Party

Federal Rule of Civil Procedure 19(a) sets forth those parties that should be joined in an action, if feasible. Under this rule, a party is "necessary" if

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the

---

[3] The court notes that Carolina Asphalt has been brought into this action by the filing of third party claims by Balfour Beatty. *See* Defendant Balfour Beatty's Third Party Complaint, Docket # 17. Nonetheless, the relevant question for resolving Balfour Beatty's motion to dismiss is whether Carolina Asphalt is also a necessary and indispensable party on Cleland's original claims against Balfour Beatty and Federal.

> action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. Pro. 19(a).

If a necessary party cannot be joined, the court must then decide whether that party is "indispensable" under Fed. R. Civ. P. 19(b). If the party is indispensable, the court must dismiss the action. In determining whether a party is indispensable, the court weighs the following factors:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19 (b). The Fourth Circuit Court of Appeals has held that "[c]ourts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Owens-Illinois, Inc. v. Meade,* 186 F.3d 435, 441 (4th Cir. 1999). Moreover, "[t]he inquiry contemplated by Rule 19 . . . is addressed to the sound discretion of the trial court." *See Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir.1980).

### a.  Whether Carolina Asphalt is a Necessary Party[4]

---

[4] As an aside, the parties appear to relate the question of whether Cleland is a necessary and indispensable party to the question of whether Cleland and Carolina Asphalt have entered into a binding arbitration agreement. Cleland asserts that it could not join Carolina Asphalt because the two have agreed to arbitrate disputes between themselves. Balfour Beatty and Federal contend that Cleland has waived its right to arbitration, and seek a determination from this court to that effect. There are two large procedural problems with Balfour Beatty and

6

Applying this framework, the court believes that Carolina Asphalt is a necessary party to Cleland's claims against Balfour Beatty in this action. While Cleland attempts to categorize the present action as merely a claim for payment on the bond, that depiction is highly inaccurate. Cleland asserts three causes of action: (1) breach of contract for work that Cleland assures the court arose from a separate and independent contract directly between Cleland and Balfour Beatty; (2) a "Payment bond" claim against Federal;[5] and (3) breach of the implied warranty of plans and specifications regarding plans for "the Project." (Compl. ¶ 16).

Despite Cleland's arguments that its claims are proper without Carolina Asphalt, the court believes Carolina Asphalt is a necessary party on the majority of Cleland's claims. Quite obviously, Cleland's claim for breach of the implied warranty of plans and specifications raises claims related to its role as a second tier subcontractor on the Project generally. *See* Compl. ¶ 8 ("[Carolina Asphalt] entered into a further subcontract with Cleland to perform the Grading Work on the Project. Cleland served as a second tier subcontractor for this scope of work.").

---

Federals' attempt to have this court resolve the question of Cleland's purported waiver: (1) neither has standing to raise the waiver argument, as neither is party to the arbitration agreement, and (2) this court does not have the authority to issue an advisory judgment regarding whether Cleland has waived its rights in other pending state court litigation. Nonetheless, the question of whether Cleland and Carolina Asphalt have signed a binding agreement to arbitrate has no bearing on a determination of whether Carolina Asphalt is a necessary and indispensable party.

[5] In its Complaint, Cleland never specifies that this claim is brought pursuant to the Miller Act. Moreover, Cleland never states the jurisdictional basis for its filing in federal court. In its Opposition to Defendants' Motion to Dismiss, however, Cleland clarifies that it intends this claim to be asserted pursuant to the "Little Miller Act." (Cleland Opp. at 5). The federal Miller Act, 40 U.S.C.A. § 3133, requires contractors on federal projects to purchase bonds securing the laborers and material men. States generally have "little Miller Acts" which create the same obligations for state and local construction. As Cleland's claim is brought pursuant to a state statute and not the federal Miller Act (because the construction here was a state, and not a federal, project), the only basis for jurisdiction in the matter *sub judice* is diversity.

In pleading this cause of action, Cleland has alleged that Balfour Beatty and "those for whom [Balfour Beatty] is responsible"[6] deficiently designed plans and specifications for the Project which resulted in "inefficient performance of the work," "performance of additional work not contemplated under the Subcontracts," and "delay to the completion of the work." (Compl. ¶ 18, 19).

The question of who caused the delays on the Project is the gravamen of the Carolina Asphalt litigation (which has been remanded), and is also necessarily involved in Cleland's breach of the implied warranty of plans and specifications claim. Should this court rule on that claim, it would create a very real possibility of creating inconsistent judgments or obligations. For example, were the court to find for Cleland on this claim, it would entail a finding that Balfour Beatty was at fault in causing Carolina Asphalt and Cleland's delays, and thus imply the conclusion that Balfour Beatty had wrongfully terminated Carolina Asphalt, the precise question at issue in the state court Carolina Asphalt litigation. If the court were to award damages to Cleland for Balfour Beatty's alleged breach of the implied warranty claim, yet the state court found that Balfour Beatty was not liable to Carolina Asphalt for wrongful termination because Carolina Asphalt, not Balfour Beatty, had caused the delays, Balfour Beatty would be subject to highly inconsistent obligations. *See, e.g., Owens-Illinois v. Meade,* 186 F.3d 435, 441 ("As the district court noted, in the instant case both courts are being asked to make determinations on the validity and interpretation of the Agreement, creating a high likelihood of incongruous results."). Accordingly, Carolina Asphalt, as the party who contracted with Cleland for

---

[6] While it is not clear as to whom this cryptic reference is meant to refer, logically, it seems that Carolina Asphalt would have had some role in the designing of plans and specifications for Cleland's work as the entity that contracted with Cleland.

Cleland's work on the Project, is a necessary party to Cleland's claims in the matter *sub judice.* *See U.S. v. RCS Corp.*, 366 F.Supp. 2d 332, 335 ("Because CBC contracted directly with Howell, and would have been paid by Howell for its work performed in connection with the Howell-CBC subcontract, the court concludes that Howell is a necessary party."); *see also Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918-19 (4th Cir. 1999) (continuing without the necessary party is impermissible because permitting the suit to proceed without unjoined parties could subject a joined party to conflicting legal obligations); *Schlumberger Indus., Inc. v. National Sur. Corp.,* 36 F.3d 1274, 1286 (4th Cir. 1994) (holding that the potential for factual and legal "whip-saw" favored finding that the unjoined party was necessary); *Cf. Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76, 78-79 (1st Cir. 1982) (holding that parent corporation that played a substantial role in negotiating, and was party to, agreement was a necessary party to suit brought by subsidiary alleging breach of that agreement).

### b.     Whether Carolina Asphalt is Indispensable

Because the court has determined that Carolina Asphalt is a necessary party, the court must consider whether Carolina Asphalt is an indispensable party only if Carolina Asphalt cannot be joined. *See, e.g.,* Fed. R. Civ. P. 19(a) ("If the person has not been so joined, the court shall order that the person be made a party."); Fed. R. Civ. P. 19(b)(" If a person as described in subdivision (a)(1)-(2) hereof *cannot be made a party,* the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.") (emphasis added). Typically, this situation arises when the addition of a non-party would destroy diversity. *See, e.g.,Owens-Illinois v. Meade,* 186 F.3d 435, 440 (4th Cir. 1999). That is precisely the case here,

as both Carolina Asphalt and Cleland are South Carolina corporations. *See* Joint Notice of Removal in C.A. No. 9:04-1578-23; Compl. ¶ 1.[7] The question, then, is whether Carolina Asphalt is indispensable.

The first consideration is to what extent a judgment rendered in Carolina Asphalt's absence might be prejudicial to the person or those already parties. Here, as described above, any judgment rendered without Carolina Asphalt would be highly prejudicial to both Carolina Asphalt and to Balfour Beatty, as both could be subject to competing obligations in this court and in the state court. Secondly, there is simply no way to tailor the judgment to guard against prejudice Balfour Beatty might suffer in Carolina Asphalt's absence. Again, as discussed above, any resolution of Cleland's third cause of action would speak to the ultimate issue of whether Balfour Beatty wrongfully terminated Carolina Asphalt, the issue pending in state court.[8] Given the way that Cleland has pled its claims, the court simply cannot shape relief to avoid prejudice to Balfour Beatty. For this reason, no judgment on Cleland's claims against Balfour Beatty will be adequate without joining Carolina Asphalt on those claims.

Finally, and perhaps most importantly, Cleland will not be prejudiced by a dismissal for

---

[7] In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). Here, the joinder of Carolina Asphalt, if warranted, would destroy diversity because the claim would be brought by Cleland, a South Carolina corporation, against Balfour Beatty and Carolina Asphalt, another South Carolina corporation.

[8] The court notes that consideration of the first and third factors under the rule--the extent to which a judgment rendered in the person's absence might prejudice the parties or would even be adequate--address much the same concerns as under the Rule 19(a)(2) analysis. *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1604, at 47 (2d ed. 1986) (noting that the Rule 19(a) analysis is "closely related to several of the factors mentioned in Rule 19(b).").

nonjoinder, as Cleland can always pursue its claims in the state court litigation, or institute a new proceeding in state court if it so desires. *See, e.g., Johnson v. Price,* 191 F.Supp. 2d 626, 630 (D. Md. 2001) ("Plaintiff here has an adequate remedy if I dismiss this action for non-joinder: she can sue in state court. Indeed, she and Price have already done so in the Circuit Court for Garrett County. This is a factor that weighs significantly against allowing this action to proceed."). As Balfour Beatty and Federal argue, "[t]he factual and legal issues that must be addressed within the breach of the implied warranty claim, and the defenses thereto, will primarily relate to delay(s) on the Project," issues which remain inextricably intertwined with the state court Carolina Asphalt litigation. The state court is "likely the best place for the adjudication of this matter since" the events surrounding the termination of Carolina Asphalt and Cleland's failure to get paid all occurred there, and because the parties will "share many witnesses and exhibits in the event a trial is held." *Owens-Illinois,* 186 F.3d at 442. "The [South Carolina] state court is more than capable of rendering an adequate and fair judgment in this matter." *Id.* Because all of the Rule 19(b) factors support a finding that Carolina Asphalt is an indispensable party, the court could not in good conscience allow this action to proceed without Carolina Asphalt, the non-diverse defendant. Accordingly, Balfour Beatty and Federal's motion to dismiss is granted. *See* Fed. R. Civ. P. 19(b) ("If a [necessary party] cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.").

### 2. **28 U.S.C. § 1359**

As the court has concluded that Carolina Asphalt is a necessary and indispensable party

11

to Cleland's claims, and because this fact alone necessitates dismissal, the court need not reach Balfour Beatty and Federal's argument that Cleland has collusively failed to join Carolina Asphalt, its alleged alter ego, in an attempt to invoke this court's jurisdiction.

### B.     Carolina Asphalt and Safeco's Motion to Dismiss

As noted above, Carolina Asphalt and Safeco moved to dismiss on the grounds that this court has already examined the propriety of exercising jurisdiction over the third party claims asserted by Balfour Beatty, and properly remanded those claims to state court. As Carolina Asphalt and Safeco argue, and as Balfour Beatty itself admits, *see* Third Party Complaint n.1, the claims are precisely the same as the ones pending in the Carolina Asphalt litigation.[9] This provides even more solid support for the court's conclusion that this entire matter should be dismissed, and litigated in the state court forum. As the court has reached that conclusion based on Cleland's failure to join an indispensable party as described above, the court finds Carolina Asphalt and Safeco's Motion to Dismiss moot.

---

[9] Carolina Asphalt and Safeco do not specify what doctrinal basis they seek dismissal under, although the parties vaguely refer to the court's lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In the court's opinion, were a thorough consideration of the merits of Carolina Asphalt and Safeco's motion necessary, the appropriate analysis would be whether this court should abstain or dismiss pursuant to *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817-18 (1976).

## **CONCLUSION**

It is therefore **ORDERED,** for the foregoing reasons, that Defendant/Third Party Plaintiff Balfour Beatty and Defendant Federal's Motion to Dismiss, Or In the Alternative, to Stay This Action is **GRANTED.** It is further **ORDERED** that Third Party Defendants Carolina Asphalt and Safeco's Motion to Dismiss is **MOOT.**

**AND IT IS SO ORDERED.**

**s/ Patrick Michael Duffy**

**PATRICK MICHAEL DUFFY**
**UNITED STATES DISTRICT JUDGE**

**Charleston, South Carolina**
**July 11, 2005**